Luis M. Cortés, Plaintiff and Appellee, v. The Porto Rican & American Insurance Company, Defendant and Appellant.

No. 4454.   Argued June 13, 1928.—Decided November 15, 1929.

*M. Rodríguez Serra,* for appellant.   *M. Benítez Flores,* for appellee.

Mr. Justice Aldrey delivered the opinion of the court.

A fire which occurred on a Day Elder truck belonging to Luis M. Cortés seriously damaged its motor, which had previously been cracked and soldered, the body and hood of the truck being partly burnt.   The truck was insured against fire with the Porto Rican & American Insurance Co., which, availing itself of the clause of the contract authorizing it either to pay the loss or to repair the vehicle for its account, elected to repair the truck.   When after some repairs had been made the insurer sought to deliver the vehicle to its owner, the latter refused to accept it on the ground that the motor did not work properly, and the insurer then replaced the motor with another used motor from a touring car of the Stutz make.   The owner again refused to receive the truck because the motor which had been installed therein was not suited for the service required of it, and this gave rise to the present suit wherein three causes of action are alleged.

In the first cause of action the sum of $536 is claimed from the insurance company for the damages suffered by the motor truck in consequence of the fire, or that the company adequately repair the vehicle.   In the second cause of action $5,000 is claimed as compensation for the time the plaintiff has been deprived of the service of the said truck; and in the third cause of action an additional claim is made for $1,000 disbursed for the use of other vehicles substituted for the damaged one in plaintiff's business.

After a trial was had the district court rendered judg-

ment against the insurance company and adjudged it to make adequate repairs in plaintiff's truck, in accordance with the insurance policy, and to pay to the plaintiff the sum of $1,156 as compensation, with costs.

In the present appeal taken by the defendant from the above judgment two errors are assigned, to wit: (1) because of the weighing of the evidence heard at the trial; and (2) because the judgment is indefinite and difficult on the part of the defendant to satisfy without further judicial proceedings.

No error is assigned by appellant for being adjudged to pay a definite sum of money as compensation for damages. Its brief is almost exclusively devoted to arguing its contention that the change of motor made by appellant is an adequate repair, a few lines of the brief being reserved for the second error assigned. The question submitted to us by reason of the first assignment is, therefore, whether or not there was error in weighing the evidence as to whether the change of motor was not an adequate repair of the truck, and in ordering that further repairs should be made therein.

According to a clause of the insurance contract between the parties, the company, in case of fire, may repair, rebuild or replace the property lost or damaged with another of like kind and quality. The textual words of the contract, in this respect, are as follows: ". . . and also to repair, rebuild or replace the property lost or damaged with other of like kind and quality."

In the opinion written by the court below on which the judgment is based, the conclusion was reached that the company was bound by the words transcribed to replace the property damaged with other of like kind and quality, citing in support thereof the following from Webster's International Dictionary of the English language, 1920 edition: "Like.—Having the same, or nearly the same, appearance, qualities or characteristics, similar." "Like 1.—That which is equal or similar to another, the counterpart; an exact resemblance; a copy, an equal." Also in Bouvier's Law

Dictionary that word is defined as meaning equal in quantity, quality, or degree, with citation of 79 N. C. 387, and that it does not necessarily mean the same in all parts, according to 2 Cush. 145; and in "Words & Phrases Judicially Defined," page 4160, the word "like" is defined to mean resembling; having resemblance; similar; or equal; same in quantity, amount, or extent. Therefore, as used in the contract in the present case that word does not mean that the damaged motor must necessarily be substituted by another Day Elder motor, and, consequently, it could be replaced with any motor which, although of a different make or manufacture, might be of the same kind and quality. It only remains to be determined whether the motor from the Stutz car, which was installed in the truck, is of the same kind and quality as the previous one.

. The evidence in this respect was conflicting. An expert witness, José Acuña, testified that if a Stutz touring car motor is installed in a truck like that of plaintiff, it would not be sufficiently powerful to move the vehicle and would not give the same service, because the Stutz is a high speed motor and is not sufficiently powerful to pull in low speed, and because a truck requires a low speed motor which is slow in picking up speed but has more power, Pedro Cotto, another expert witness for plaintiff, testified that a Stutz motor applied to a Day Elder truck can not work properly. On the other hand, José Cuevas Padilla, an expert witness for defendant, testified at the trial that Stutz motors are fit for trucks.

The conflict in the evidence was resolved by the lower court in favor of the contention of plaintiff's expert witnesses on the ground that it had not been shown that they had any interest in the matter, whereas it was defendant's expert witness who repaired the truck in his work shop for the account and at the request of defendant. Accordingly, the conclusion was reached that if a Stutz touring car motor is installed in a Day Elder truck, such motor would not be

sufficiently powerful to pull that kind of truck and, consequently, that the defendant failed to perform its contract.

The way this conflict in the evidence was resolved is the main ground of the present appeal and is challenged by arguing that both motors are built in the same factory (which we fail to find established by the evidence, apart from the fact that different kinds of motors may be built in the same factory); that no evidence was introduced as to the difference between a touring car motor and a truck motor (which is not true, because expert witness Acuña testified that touring car motors are high speed motors with little power, whereas truck motors have less speed but are more powerful); and also because no credit was given to the testimony of Cuevas Padilla as expert witness for defendant. In this respect the court was faced with a conflict which it was bound to decide and did rightly decide in favor of plaintiff's witnesses, because they were not interested parties, whereas Cuevas, who was the expert witness for the other side and had been engaged by appellant to make the repairs, deemed it convenient to install the used Stutz motor which he had bought, it being natural that he should believe that he had made an adequate replacement, although the preponderance of the expert evidence is contrary to his point of view. The fact that the truck was able with the Stutz motor to climb easily with a load the "Frailes" hill on the road near Río Piedras, as testified by Cuevas, was not sufficient to show the efficiency of the said motor in the truck, since it was not proved that the hill had the highest grade in our roads. As to the testimony of Olavarrieta, he only saw the truck moving in front of the garage where the same had been repaired. In conclusion, we are unable to find that the first error assigned was committed.

As to the second ground of the appeal, appellant can not contend that the judgment is vague and difficult to satisfy in so far as it orders that the truck be adequately repaired, since appellant is bound to know from the contract that the

motor had to be replaced with another of like kind and quality. If this is done, no further justified judicial proceedings need be apprehended.

The judgment appealed from must be affirmed.